IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIE BERNARD MARSHALL, SR.,

                Plaintiff

VS.

DR. JONATHAN BUSBEE, *et al.*,

                Defendants

NO. 5:09-cv-382 (CAR)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## O R D E R

Plaintiff **WILLIE BERNARD MARSHALL, SR.**, an inmate at the Upson County Jail in Thomaston, Georgia, has filed a *pro se* civil rights Complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's request to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff makes numerous allegations concerning deficiencies in medical treatment since he has been confined in the Upson County Jail. Specifically, plaintiff claims that an x-ray shows that he needs surgery on his swollen and painful knee. According to plaintiff, his knee condition prevents him from walking, yet he has been denied surgery as well as pain medication. Plaintiff also alleges that he has been denied treatment for his "messed up" rotator cuff, which prevents him from using his right arm.

In any action under section 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In view of the requirements stated above, the Court notes several deficiencies in plaintiff's Complaint. First, the Upson County Sheriff's Department is not a proper defendant. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"). Next, plaintiff names Andrew Nickson, a detective, as a defendant, yet there is no mention of Nickson with respect to plaintiff's medical claims. Finally, plaintiff sues doctors Jonathan Busbee and Norman L. Donati, but makes no allegations showing that these private doctors were acting under color of state law.[1]

In light of the foregoing, if plaintiff wishes to proceed with this lawsuit he is directed to supplement his Complaint as follows. First, plaintiff should specifically state how Detective Nickson was involved in plaintiff's medical care; otherwise, the Court will dismiss Detective Nickson as a defendant. Next, plaintiff should state specifically how the defendant doctors denied him necessary medical care in violation of the Eighth Amendment. Plaintiff should also explain how these private doctors acted under color of state law. Finally, plaintiff should state whether he is asking this Court to compel Upson County Jail officials to provide proper medical treatment and, if so, he should name the Upson County Sheriff as a defendant with respect to this request for injunctive relief.

Plaintiff shall have until **November 27, 2009**, to supplement his Complaint, limited to the above medical claims. If plaintiff fails to respond to this order in a timely manner, the Court will presume that plaintiff wishes to have this case voluntarily dismissed and will dismiss this action, without prejudice. There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 29th day of OCTOBER, 2009.



s/ *Claude W. Hicks, Jr.*
CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] A private physician unaffiliated with any state institution is not acting under color of state law merely because he provides medical treatment to state inmates. *See Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992).