IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIE BERNARD MARSHALL, SR.,

              Plaintiff

     VS.

JONATHAN BUSBEE, *et al.,*

             Defendants

**NO. 5:09-CV-382 (CAR)**

**PROCEEDINGS UNDER 42 U.S.C. §1983**
**BEFORE THE U. S. MAGISTRATE JUDGE**

## RECOMMENDATION

Before the court is a motion seeking dismissal filed by defendant Ralph Searcy. Tab #15. Therein, this defendant asserts that plaintiff Willie Bernard Marshall, Sr. has, *inter alia*, failed to state a claim against him for which relief can be granted. Plaintiff Marshall was directed to file (Tab #17) and has filed a response (Tab #18) to this motion. Defendant Searcy filed a reply. Tab #22. The motion is now ripe for review.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the above- captioned lawsuit alleging that his Eighth Amendment rights have been violated. Tab #1. In his initial complaint, he named the Upson County Jail/Sheriff's Department, Dr. Jonathon Busbee, Dr. Norman Donati, and Thomaston Police Department Investigator Andrew Nickson as defendants. He averred that, at some point during his incarceration in the Upson County Jail, he reported to defendant Dr. Busbee complaining of knee pain. He was examined and directed to purchase some Tylenol. When he explained to defendant Dr. Busbee that he had no money, he was directed to speak with defendant Searcy. After complaining further to defendant Searcy, and presumably because prescribed medication could be dispensed without advance payment by the inmate, Searcy once again sent him to see defendant Dr. Busbee. According to the plaintiff, defendant Dr. Busbee refused to do anything in the way of treatment until such time that the plaintiff's knee injury prevented him from walking. Only then was the plaintiff supposedly referred by Dr. Busbee for an appointment with Dr. Donati.

During his examination of the plaintiff, Dr. Donati ordered x-rays. Thereafter, Dr. Donati supposedly told the plaintiff that he needed a knee replacement and, with respect to an injured shoulder, that "the rotator cuff was messed up." Plaintiff Marshall then claims that, despite these apparently severe conditions, the only treatment prescribed by Dr. Donati was Tylenol. As a result of this alleged lack of treatment, plaintiff claims that he has become unable to walk or use his right arm. Thus, he demands substantial monetary damages from the Upson County Sheriff's Department, Dr. Jonathon Busbee, Dr. Norman L. Donati, and Detective Andrew Nickson.

After an initial review, the undersigned directed plaintiff Marshall to file a supplement to his complaint. Tab #4. Therein, the plaintiff was directed to specifically state how Detective Nickson was involved in plaintiff's medical care; state specifically how the above-named doctors denied him necessary medical care in violation of the Eighth Amendment; explain how these private doctors acted under color of state law; and state whether or not he is asking for an order to compel Upson County Jail officials to provide proper medical treatment.

As directed, the plaintiff filed a supplement. Tab #5. Therein, he began by raising a new claim involving a previously unmentioned heart condition. In support of this new claim, he alleges that he was experiencing chest pain during his initial booking at the Upson County Jail and that, upon notifying jail staff, he was placed in a holding cell where, several hours later, he was examined by a doctor and prescribed Tylenol. According to the plaintiff, the practice of placing him a holding cell in response to complaints of chest pain occurred on at least one subsequent occasion.

Plaintiff Marshall then describes his unsuccessful attempts to get help via a grievance and letters he sent to the sheriff, the jail captain, and the public defender. Next, he complains that he had not been allowed to call and cancel some doctor's appointments which, presumably, he had arranged prior to being incarcerated. Finally, he addresses the issues in his original complaint.

Just as in his original complaint, plaintiff Marshall recounted how he had been examined by defendant Busbee who suggested that he take some Tylenol. Upon learning that he would have to purchase this Tylenol, he filed another sick call form. He was then seen by a nurse who reaffirmed that he would need to purchase the Tylenol. After explaining that he had no money to complete such a purchase, the nurse gave him two pills and said that she would schedule him for another visit with defendant Dr. Busbee.

The plaintiff then met with Dr. Busbee who, upon observing the plaintiff's now swollen knee, referred him to Dr. Donati. As was previously noted, Dr. Donati ordered x-rays, prescribed Tylenol, and explained to the plaintiff that he had an injured rotator cuff as well as a knee that needed replacing. In addition to these original assertions, the plaintiff's supplement contains averments that he received an injection in his injured knee, a diagnosis of arthritis of the shoulder, and an appointment for a follow up appointment which was to occur two weeks later.

After two weeks had passed, and because he had not returned to see Dr. Donati, the plaintiff filed another sick call form. During the meeting with defendant Dr. Busbee that followed, and after an attempt to obtain more powerful pain medication, plaintiff claims that Dr. Busbee denied the request by explaining that, in light of Dr. Donati's prescription of Tylenol, he would not be prescribed anything stronger. Unsatisfied with this decision, he requested another appointment with Dr. Donati. After declining the request, defendant Dr. Busbee directed the plaintiff to take the issue up with defendant Searcy.

According to the plaintiff, after voicing his concerns to defendant Searcy, he was told to file another sick call request to see defendant Dr. Busbee; he complied with this instruction. During the resulting visit with Dr. Busbee, plaintiff claims that he was prescribed "some pills that is not helping my pain." He then added that, since this visit with Dr. Busbee, he has submitted three additional sick calls and that "the officers is the ones that's not been turning in [the forms]." Finally, plaintiff Marshall, an African American, concludes his supplement with a declaration that Caucasian inmates are receiving far better medical care.

After reviewing the supplement, the undersigned recommended dismissal of Dr. Norman Donati, Andrew Nickson, and the Upson County Sheriff's Department. Tab #6. Unable to find the plaintiff's claims against defendants Searcy and Dr. Busbee entirely frivolous, the undersigned ordered service thereon with instructions for the parties. *Id.* The undersigned's recommendation was subsequently adopted by the district judge. Tab #10. Following service, and in response to plaintiff Marshall's supplemented allegations, defendant Searcy filed the instant motion seeking dismissal. As an aside, defendant Dr. Busbee also filed a motion seeking dismissal or, in the alternative, summary judgment which will be addressed in a separate recommendation. Tab #25.

**LEGAL STANDARDS**

**A. MOTIONS TO DISMISS**

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), vacated on other grounds, 298 F.3d 1228 (11th Cir. 2002); *See also, Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (en banc) (*citing Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) vacated on petition for rehearing, reinstated by 764 F. 2d 1400 (11th Cir. 1985)).

**B. MEDICAL TREATMENT OF PRISONERS**

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, supra, at 107, 97 S.Ct. at 293.

At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id.* See also *Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991). Moreover, *Estelle* specifically states that the question of whether additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. *Estelle*, supra, at 292-93.

-4-

## DISCUSSION AND CONCLUSION

As an initial matter, a review of plaintiff Marshall's version of the events reveals very few allegations against defendant Searcy. Indeed, with the exception of the plaintiff's allegations involving defendant Searcy's alleged failure to respond to a letter, each of his encounters with defendant Searcy apparently led to an examination and/or treatment by a physician. Thus, the argument that defendant Searcy was somehow deliberately indifferent to the plaintiff's serious medical needs is without merit. Moreover, and to the extent that the plaintiff is attempting to hold defendant Searcy liable on the basis of his relative position within the jail's administration, such a claim is also without merit. This is because a claim based on a theory of supervisory or vicarious liability, without more, is simply not tenable in an action brought pursuant to 42 U.S.C. §1983. For these reasons, it is obvious that plaintiff Marshall has failed to sufficiently state a claim against defendant Searcy.

Accordingly, **IT IS RECOMMENDED** that defendant Searcy's motion seeking dismissal be **GRANTED** and that he be **DISMISSED** as a party to this action. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The Clerk is directed to serve plaintiff at the **LAST ADDRESS provided by him**.

**SO RECOMMENDED,** this 30th day of JUNE, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE